UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**EVAN WESTMORELAND,**

                **Plaintiff,**                07-CV-0154(Sr)

**v.**

**PATRICK O'FLYNN, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

Currently before the Court are plaintiff's applications for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. ##25 and 31.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Monroe County Jail, he was sitting in a chair that broke, causing him to fall and sustain injuries. Plaintiff's complaint alleges three causes of action for deliberate indifference to his serious medical needs. Dkt. #1. In support of his first motion for appointment of counsel, plaintiff asserts that he has been unable to find an attorney to represent him due, in

part, to his physical disability. Dkt. #25. Plaintiff offers no factual or legal support for his second motion for appointment of counsel. Dkt. #31. The facts and issues in this case are not complex. Moreover, plaintiff has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above. In fact, plaintiff has demonstrated an ability to articulate his legal theories to the Court and plaintiff's testimony concerning the alleged incident and the extent of his pain and suffering will be the best evidence of his damages. Thus, plaintiff has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.

Plaintiff's motions for appointment of counsel (Dkt. ##25 and 31), are denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 24, 2009

> s/ H. Kenneth Schroeder, Jr,
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**